UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**UNITED STATES OF AMERICA**

v.                                    CRIMINAL ACTION NO. 2:13-00327

**CHRISTOPHER DON NORMAN**


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On August 29, 2019, the United States of America appeared by Andrew J. Tessman, Assistant United States Attorney, and the defendant, Christopher Don Norman, appeared in person and by his counsel, W. Michael Frazier, for a hearing on the petition seeking revocation of supervised release and amendments thereto submitted by United States Probation Officer Jeffrey D. Bella. The defendant commenced a three-year term of supervised release in this action on August 14, 2018, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on December 2, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed violations of law in that he unlawfully possessed a controlled substance inasmuch as on March 21, 2019, he tested positive for heroin and methamphetamine, on April 15, 2019, and April 30, 2019, he tested positive for methamphetamine, on May 16, 2019, he tested positive for methamphetamine and oxymorphone, on June 3, 2019, he signed a voluntary admission form confirming his use of methamphetamine, oxycodone and benzodiazepines during the month of May 2019, on June 3, 2019, he signed a voluntary admission form indicating he had used methamphetamine and heroin at approximately 2:00 a.m. that same day, on June 14, 2019, and July 3, 2019, he tested positive for methamphetamine and marijuana; (2) the defendant failed to follow the instructions as directed by the probation officer that he was provided on June 3, 2019; (3) the defendant failed to report on May 28, 2019, to a local contracted treatment provider to submit a urine specimen, on May 31, 2019, he failed to attend the scheduled out-patient

substance abuse counseling session; and (4) on June 3, 2019, he refused a detoxification bed at Prestera Center and he failed to report to the Prestera Center inpatient substance abuse program on June 10, 2019; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendments thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS, to be followed by a term of twenty-eight (28) months of supervised release

upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3, and the special conditions that he participate in and successfully complete the nine (9) to twelve (12) month Recovery Point residential long-term substance abuse treatment program upon his release from custody, or a comparable program approved by the probation officer, where he shall follow the rules and regulations of the facility, and that he participate in drug abuse counseling and treatment as directed by the probation officer.

It is further ORDERED that the defendant shall travel directly, without interruption, from his place of imprisonment to the Recovery Point residential treatment facility with transportation to be provided by his brother, Jason Lee Norman.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: August 30, 2019

John T. Copenhaver, Jr.
Senior United States District Judge